UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BRANDON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1065 CDP |
| ) | |
| CITY OF MOLINE ACRES, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Plaintiffs David Brandon, Courtland Dantzler-Bey, and Khadizah Brown bring this action under 42 U.S.C. § 1983 and Missouri state law, claiming defendants City of Moline Acres and several city employees retaliated against them after plaintiffs exercised their First Amendment right to free speech. Contending that plaintiffs' claims arise under a different set of operative facts, defendants move to drop Dantzler-Bey's and Brown's claims, arguing misjoinder under Rules 20 and 21 of the Federal Rules of Civil Procedure. Because I determine plaintiffs' claims arise out of the same transaction or occurrence and present common issues of law and fact, I will deny defendants' motion.

## Background[1]

---

[1] The following facts are taken from plaintiffs' complaint and are considered true for the purposes of this Memorandum and Opinion.

Plaintiffs are current and former employees of the City of Moline Acres, Missouri who allege they were terminated or suspended by defendants after plaintiffs engaged in protected speech under the First Amendment. Defendants include the City of Moline Acres; the city's former mayor, Fred Hodges; the city's current mayor, Michele Deshay; and several current and former aldermen and alderwomen.

Plaintiffs allege that defendants took adverse the employment actions against them as part of an official municipal policy of retaliation for employees' engaging in protected speech. Specifically, plaintiff David Brandon was hired as a City of Moline Acres police officer in April of 2006. In June of 2007, then-mayor Hodges contacted Brandon and asked him to "dig up dirt" on then-chief of police, G. Thomas Walker, who is not a party to this action. Brandon refused and advised both Walker and members of the media about Hodges's actions. Soon afterwards, Hodges informed Brandon that he was relieved of his duties, and Brandon was ordered to return all department-issued equipment.

Similarly, plaintiff Courtland Dantzler-Bey began working as a Moline police officer in September of 2001. Hodges asked Bey to "fix" a driving while intoxicated ticket for Hodges's friend in November of 2004. Bey refused and advised then-chief Walker in writing about Hodges's actions. On June 19, 2007,

Bey was terminated by defendants without a prior vote by the board of aldermen, in contravention of Missouri law.

Plaintiff Khadizah Brown was hired as a city corrections officer in March of 2002. In July of 2007, Brown attended a city meeting attended by Hodges and the board of alderman at which she expressed her concern that the board's payments to itself were reducing the city's budget for the police department. Later that same month, Brown was suspended without pay pending investigation. When Brown asked about the reason for her suspension, she was informed that Hodges had observed her providing a manila envelope containing confidential city information to a former city employee. Brown unsuccessfully requested several times to have her suspension reviewed, and was eventually given a hearing before the board of aldermen in November of 2007. After the hearing, Brown was reinstated by the board effective November 17, 2007, but she did not receive back-pay for the time between July and November when she was suspended without pay.

After then-chief Walker was fired under similar circumstances, he filed a lawsuit against defendants in the United States District Court for the Eastern District of Missouri. *See Walker v. City of Moline Acres*, No. 4:07CV1741 RWS (E.D. Mo. filed Oct. 12, 2007). Plaintiffs tried unsuccessfully to join that litigation, and later filed this lawsuit, bringing claims under 42 U.S.C. § 1983 and Missouri law. After I entered an Order setting this case for a scheduling

conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, defendants moved to drop Bey's and Brown's claims under Rules 20(b) and 21.

## Discussion

In their motion, defendants assert that plaintiffs' claims should be severed because they arise out of different transactions or occurrences. Specifically, defendants argue that Bey's and Brown's claims should be dropped from this litigation because the adverse employment actions taken against them occurred on different days and for different reasons. Plaintiffs respond that, even if the individual facts of their terminations and suspensions are different, their claims arise out of the same transaction and occurrence – defendants' policy or custom of retaliating against city employees for engaging in protected speech under the First Amendment. Plaintiffs also point out common questions of law or facts that their claims present, including whether the adverse employment actions taken against them were wrongful and in retaliation for their exercising their First Amendment rights. I agree with plaintiffs.

Rule 20(a) of the Federal Rules of Civil Procedure provides that parties may join as plaintiffs:

> . . . if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all these persons will arise in the action.

Accordingly, joinder will only be allowed if: (1) the parties' claims arise out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some common question of law or fact exists among the parties' claims. *See id.*; *accord Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). The right to joinder under Rule 20(a) is not absolute, however, and Rules 20(b) and 42(b) grant district courts the discretion to order separate trials or make other orders[2] to prevent delay or prejudice. *See Mosley*, 497 F.2d at 1332. But the purpose of Rule 20(a) is to expedite the final determination of parties' disputes, so the Supreme Court has noted that "joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

In determining whether parties' claims arise from the same transaction or occurrence, the Eighth Circuit Court of Appeals has instructed that the term "transaction" has a flexible meaning and may "comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* at 1333 (quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)). Thus, "all logically related events" giving rise to a claim for relief are considered as arising out of the same

---

[2]Under Fed. R. Civ. P. 21, the proper remedies for misjoinder do not, however, include dismissing parties' actions, as defendants request.

transaction or occurrence, and absolute identity of all events is not necessary. *Id.* (internal citations and quotation marks omitted); *see also id.* at 1333-34 (plaintiffs' claims arose out of the same transaction or occurrence when each plaintiff alleged he had been injured by the same company policy of discrimination against African-Americans); *Geir v. Educational Serv. Unit No. 16*, 144 F.R.D. 680, 688- (D. Neb. 1992) (same transaction or occurrence when plaintiffs alleged they were harmed by the same school-wide policy of condoning physical, sexual, and emotional abuse of students, even if plaintiffs did not attend school at the same times and were not abused by the same employees).

Here, all plaintiffs allege that defendants took adverse employment actions against them after plaintiffs engaged in protected speech. Brandon claims he was terminated after he spoke with the members of the media about defendant Hodges's activities as mayor. Similarly, Bey alleges that he was fired in April of 2007 after he had reported Hodges's request that Bey "fix" a DWI ticket to the then-chief of police in November of 2004. According to Brown, she was suspended without pay on July 17, 2007 after she had expressed her concerns at a city meeting on July 5, 2007 that the board's payments to itself reduced the city's budget for its police department. Plaintiffs also allege that defendants maintained an official municipal policy of chilling plaintiffs' protected speech under the First Amendment by retaliating against them for engaging in that speech. Accordingly,

the injury they allege is the same – wrongful retaliation by defendants as part of a city policy or custom after plaintiffs engaged in protected speech under the First Amendment. Defendants are correct that the factual circumstances underlying each plaintiff's claims are different, but "[a]bsolute identity of all events is unnecessary" for joinder under Rule 20(a). *See Mosley*, 497 F.2d at 1333. Instead, plaintiffs's claims need only be logically related for Rule 20(a) purposes, and plaintiffs have satisfied that requirement. *See id.* at 1333-34; *Geir*, 144 F.R.D. at 688-89.

Additionally, plaintiffs' claims present common issues of law and fact. Whether plaintiffs' terminations and suspension were done in retaliation for plaintiffs engaging in protected speech – and whether defendants maintained such a retaliatory policy – are issues common to all of the plaintiffs' claims. For these reasons, I conclude that joinder of the plaintiffs' claims is both permissible under the Rules and warranted as a matter of judicial discretion.[3]

Finally, defendants argue in their reply brief that plaintiffs' conspiracy allegations fail to state a claim for relief under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Although the issue

---

[3]I make this decision mindful of the Court's prior holding in *Walker v. City of Moline Acres*, No. 4:07cv1741 RWS [#32] (E.D. Mo. Dec. 3, 2008), in which the Court denied plaintiffs' motion under Rule 20(a) to join another plaintiff's lawsuit against the same defendants. I conclude that, in this case, plaintiffs have satisfied Rule 20(a) by alleging logically related claims arising from defendants' policy of retaliating against plaintiffs for engaging in protected speech. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

is not fully briefed, I have reviewed plaintiffs' complaint and conclude that their allegations of conspiracy are more than mere "labels and conclusions," but instead give rise to a claim for relief that is "plausible on its face." *See Twombly*, 550 U.S. at 555, 570.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for misjoinder and to dismiss certain parties [#7] is denied.

                                                                                                                   _____
                                                                                                                    CATHERINE D. PERRY
                                                                                                                    UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2010.