UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BRANDON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1065 CDP |
| | ) | |
| CITY OF MOLINE ACRES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiffs David Brandon, Courtland Dantzler-Bey, and Khadizah Brown filed this action under 42 U.S.C. § 1983 after they were allegedly terminated or suspended by defendants for engaging in speech protected by the First Amendment. Defendants include the City of Moline Acres, Missouri and its current and former city employees, including former mayor Fred Hodges and former members of the board of aldermen, Michele DeShay, Ira Rice, Larry Thomas, and Shonte Harmon-Young. Discovery is currently underway, but defendants move to dismiss plaintiffs' conspiracy allegations for failure to state a claim under Fed. R. Civ. P. 12(c). Because I determine that plaintiffs have alleged sufficient factual detail for me to plausibly infer defendants agreed to retaliate against them for engaging in protected speech, I will deny defendants' motion.

## Background

As set out in greater detail in my previous order denying defendants' motion to dismiss for misjoinder, plaintiffs filed this complaint after they were allegedly terminated or suspended by defendants for engaging in protected speech. For instance, Brandon claims he was terminated following his refusal to assist Hodges in "digging up dirt" on another city employee, and after he spoke to the media about Hodges's actions following a meeting of the Moline Acres board of aldermen. Similarly, Dantzler-Bey was allegedly terminated without a prior vote by the board of aldermen and in violation of Missouri law, after he refused to assist Hodges in "fixing" a DWI ticket for Hodges's friend. According to Brown, she was suspended without pay after she expressed her concern to the board that it was making payments to itself to the detriment of the city's police department. She allegedly tried unsuccessfully several times to have the suspension reviewed, and was finally reinstated following a board meeting some months later, without back pay.

On June 15, 2010, plaintiffs filed this complaint, alleging they were wrongfully suspended or terminated by defendants for engaging in speech protected by the First Amendment, in violation of 42 U.S.C. § 1983 and Missouri law. Plaintiffs also allege defendants Hodges, DeShay, Rice, Thomas, and Young – who were the City of Moline Acres mayor and board of aldermen at the time of

plaintiffs' terminations and suspension – conspired to retaliate against plaintiffs. Defendants moved in August of 2010 to dismiss Dantzler-Bey and Brown, arguing misjoinder under Fed. R. Civ. P. 20 and 21. Defendants also asserted, for the first time in their reply to that motion, that plaintiffs' conspiracy claims, Counts VIII and IX, failed to state a claim for relief as a matter of law. I denied defendants' motion for misjoinder in September. I also concluded that, even if the issue had been fully briefed, plaintiffs had plausibly alleged a conspiracy between the named defendants to retaliate against them for engaging in protected speech. Before my Order was entered, however, defendants moved separately to dismiss these conspiracy claims for failure to state a claim under Rule 12(c). Although the issue is now more fully briefed, my conclusion as to the adequacy of plaintiffs' conspiracy claims remains the same as before – plaintiffs have stated claims for conspiracy that are plausible on their face, and so defendants' motion must be denied.

## Discussion

As stated above, defendants move for judgment on the pleadings under Rule 12(c), arguing that plaintiffs' conspiracy allegations fail as a matter of law. When a motion under Rule 12(c) asserts that a claim fails as a matter of law, I must apply the same standard of review that applies to a motion to dismiss under Rule 12(b)(6). *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Accordingly, in considering defendants' motion, I must "accept as true all factual allegations set out in the complaint" and construe the complaint in the light most favorable to the plaintiffs, drawing all inferences in their favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Ashley County*, 552 F.3d at 665. A complaint survives a 12(c) motion, however, if it states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1942 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hamilton v. Palm*, No. 09-3676, 2010 WL 3619580, at *1 (8th Cir. Sept. 20, 2010); *Johnson v. Rowley*, 563 F.3d 40, 44 (2d Cir. 2009).

Here, plaintiffs claim in Counts VIII-IX that defendants Hodges, Deshay, Rice, Thomas, and Young conspired to deprive them of their First Amendment rights, in violation of 42 U.S.C. § 1983 and Missouri common law. To state a § 1983 conspiracy claim, plaintiffs must allege: (1) that defendants conspired to deprive them of their rights under the First Amendment; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured plaintiffs and deprived them of a constitutional right or privilege. *See, e.g., White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). Similarly, the elements of a civil conspiracy claim under Missouri law include:

"(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby damaged." *Rice v. Hodapp*, 919 S.W.2d 240, 245 (Mo. 1996) (en banc). Accordingly, under both § 1983 and Missouri law, plaintiffs must allege defendants agreed or had a "meeting of minds" to deprive them of their First Amendment rights. *See White*, 519 F.3d at 814; *Rice*, 919 S.W.2d at 245. It is this element that defendants argue plaintiffs have failed to adequately allege in their complaint. Specifically, defendants claim plaintiffs have failed to allege sufficient factual details – including allegations that defendants knew plaintiffs were terminated or suspended because of engaging in protected speech, or that defendants met before the adverse employment decisions and voted for them – that would plausibly support an inference of an agreement between them. I disagree.

In *Twombly*, the Supreme Court clarified that a complaint alleging an agreement or conspiracy between defendants will survive a defendant's motion to dismiss for failure to state a claim only if its allegations are plausible on their face. 550 U.S. at 570.[1] Specifically, a plaintiff must include sufficient factual detail in

---

[1]Although the *Twombly* Court was considering the pleading requirement for an agreement or conspiracy in the context of antitrust law, I conclude that the Court's conclusions apply equally to this case. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, (3d Cir. 2010) (applying the *Twombly* Court's agreement or conspiracy holdings to a complaint alleging a conspiracy in violation of 42 U.S.C. § 1983).

her complaint "to suggest an agreement was made." *Id.* at 556. Similarly, under Eighth Circuit law, a plaintiff satisfies her burden of pleading an agreement or conspiracy by "pointing to at least some facts which would suggest that appellees reached an understanding to violate her rights." *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989) (internal quotation marks, alterations, and citations omitted).

In their complaint, plaintiffs claim, albeit in conclusory fashion, that defendants Hodges, DeShay, Rice, Thomas, and Young conspired together to deprive them of their First Amendment rights. Although I must disregard such conclusory statements in considering plaintiffs' complaint for legal sufficiency, *see Iqbal*, 129 S. Ct. at 1949-50, I conclude that the remaining factual allegations are sufficient for me to plausibly infer an agreement between these defendants. To begin with, the complaint alleges that Brandon was terminated by defendant Hodges soon after Brandon spoke to members of the media about Hodges's and the board of aldermen's actions in terminating former Chief Walker. Similarly, Dantzler-Bey was allegedly terminated without a prior vote by then-mayor Hodges and the board of aldermen, in violation of Missouri law, after Dantzler-Bey refused to "fix" a DWI ticket for Hodges's friend. Finally, Brown alleges that she was suspended without pay after expressing her concern at a meeting of the board of aldermen that the board's payments to itself reduced the city's budget for the

police department.  Brown also alleges she made several unsuccessful attempts to have a hearing on her suspension, and after a hearing was held, she was reinstated by the board but not awarded back pay, although her suspension was wrongful.

Taken together, these allegations support an inference that Hodges and then-members of the Board met together and agreed to retaliate against plaintiffs for engaging in protected speech about those defendants' actions.  Specifically, all plaintiffs were allegedly terminated or suspended by defendants after plaintiffs expressed their displeasure with the actions of the Board or Hodges.  The timing of the adverse employment actions in particular – following plaintiffs' protected speech – together with the Board's failure to follow Missouri law in terminating Dantzler-Bey and its failure to award Brown back pay nudge plaintiffs' allegations of an agreement from the possible to the plausible.  *See Twombly*, 550 U.S. at 570; *cf. Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178-79 (3d Cir. 2010) (plaintiff's complaint failed to state a claim for conspiracy under § 1983 when it alleged no specific conduct by defendants that caused others to join into an unlawful conspiracy).

For these reasons, defendants' motion for judgment on the pleadings must be denied.  Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for judgment on the pleadings [#13] is denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to amend complaint [#16] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2010.