UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BRANDON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:10CV1065 CDP |
| | ) |
| CITY OF MOLINE ACRES, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

After plaintiffs David Brandon, Courtland Dantzler-Bey, and Khadizah Brown were allegedly terminated or suspended for engaging in speech protected by the First Amendment, they filed this action under 42 U.S.C. § 1983 and Missouri state law. A Case Management Order was entered in the case giving the parties until January 10, 2011 to file motions to amend their pleadings. However, on March 2, 2011 – almost two months after the deadline for doing so had passed – plaintiffs filed a motion to amend their complaint, seeking to add a claim for defendants' alleged violations of Mo. Ann. Stat. § 79.240. Defendants oppose the motion, arguing that plaintiffs have failed to show good cause as required by Fed. R. Civ. P. 16(b)(4). I agree, and I will deny their motion.

As a general rule, leave to amend a party's pleadings should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a). Different considerations

apply, however, when a party moves to amend his pleadings after the deadline for doing so established in a scheduling order. In particular, because Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent," the Eighth Circuit Court of Appeals requires parties to show good cause before amending their pleadings if they move to amend after the deadline established in the scheduling order. *See Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) ("If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule.) *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). ("When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional.").

In considering whether a movant has shown good cause, a district court must first examine the movant's diligence in attempting to meet the requirements of the scheduling order. *Sherman*, 532 F.3d at 716. If the court determines that the movant was diligent, it may then consider the prejudice to the non-movant resulting from the modification of the scheduling order. *Id.* at 717.

Here, plaintiffs first contend their motion should be granted because their motion is not substantially out of time. Although I agree that plaintiffs did not wait an inordinately long amount of time after the deadline before seeking amendment, this does not absolve them of showing good cause for seeking

amendment, as the Eighth Circuit has clearly said that Rule 16(b)(4)'s requirements are "not optional" if leave is sought outside the scheduling order's deadline. *See Sherman*, 532 F.3d at 716; *see also Barstad v. Murray Cnty.*, 420 F.3d 880, 883 (8th Cir. 2005) (affirming district court's refusal to allow party to amend complaint two months after the deadline established in the scheduling order, because plaintiffs failed to show good cause under Rule 16(b)(4)).

Next, plaintiffs contend they did not previously seek amendment because of "excusable neglect." Plaintiffs do not further explain what they mean by "excusable neglect." By contrast, defendants point out that plaintiffs have been aware of these potential claims under Mo. Ann. Stat. § 79.240 since at least May of 2008, when they asserted this legal theory in their unsuccessful attempt to join the lawsuit of *Walker v. Moline Acres*, 4:07CV1741 RWS [#14-2]. Within the Eighth Circuit, leave to amend may be denied for failure to show good cause under Rule 16(b)(4), when a party knows about a legal claim or theory at the time he filed his complaint but did not seek to add it until several months later. *See Barstad*, 420 F.3d at 883 (affirming denial of leave to amend under Rule 16(b)(4) when the plaintiffs "knew of the claims they sought to add when they filed the original complaint in July 2002."); *see also Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affiming denial of leave to amend under Rule 16(b)(4) when plaintiff gave no explanation for why she sought amendment so late). Here, aside

from their unexplained "excusable neglect," plaintiffs fail to explain why they now seek to add claims under Mo. Ann. Stat. § 79.240, when they were aware of them in at least June of 2008. This is an insufficient showing of good cause, and I must deny their motion.

Plaintiffs finally contend that their motion should be granted because it will cause defendants no prejudice. Because plaintiffs were not diligent in seeking this amendment, the potential prejudice to defendants or lack thereof is not at issue. *See Sherman*, 532 F.3d at 717.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to amend [#30] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2011.